IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RANDY ANDERSEN, SR., | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV305 |
| | ) | |
| v. | ) | |
| | ) | |
| K. KONPCHI, C405, DETENTION SUPERVISOR; OFFICER GUSTAFSON, E.#1394; OMAHA POLICE DEPARTMENT; THOMAS WARREN, CHIEF OF POLICE | ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Court entered a memorandum and order and judgment in favor of the defendants and against the plaintiff on July 9, 2007 (Filing Nos. 41 & 42). The plaintiff appears pro se and litigated his claim in this Court in forma pauperis. Pending is the plaintiff's motion for jury trial or to appeal the Court's judgment. The motion was signed on July 27, 2007 (Filing No. 43). This motion is liberally construed as a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure,[1] or in the alternative, for a certificate of appealability.

---

[1] Based on the signature date, the plaintiff's motion is deemed filed no earlier than July 27, 2007. *See Houston v. Lack*, 487 U.S. 266 (1988)(holding a pleading submitted by a prisoner is filed with the court when it is delivered to prison officials for mailing). The plaintiff's pending motion was therefore filed more than 10 days after the court's entry of judgment (see Fed. R. Civ. P. 6(a)), and is not considered a timely request for new trial or for amendment of judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure.

The plaintiff's pending motion reiterates the facts he raised in support of his motion for summary judgment and in response to the defendants' summary judgment motion. (See Filing No. 34). These facts were therefore before the Court when it entered judgment as a matter of law in favor of the defendants. The plaintiff has raised no valid basis for relief from that judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure.

The caption of the plaintiff's motion requests, as an alternative, that he be permitted to appeal the Court's judgment of dismissal. The plaintiff has not paid an appellate filing fee. Liberally construed, the plaintiff is seeking a certificate of appealability. Pursuant to 28 U.S.C. § 1915(a)(3), "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." See also Fed. R. App. P. 24(a)(3). If a district court determines that an appeal is not taken in good faith, the Court shall, pursuant to Fed. R. App. P. 24(a)(2), state the reasons in writing.

The plaintiff sued the defendants in their official capacity for violating his Eighth Amendment rights. Based on the evidence presented, the Court held there was no factual basis for such a claim because "no rational trier of fact could find that there was a policy or widespread custom of the City of Omaha in

place at the OPD detention unit that caused Andersen to be deprived of his constitutional right to receive medical care." (Filing No. 41, p. 10). The Court further held that even if the plaintiff was permitted to amend his complaint to allege a claim against the defendants in their individual capacities, the plaintiff failed to show he had an objectively serious medical need requiring hospitalization during his confinement at the OPD detention unit (Filing No. 41, pp. 12-13).

Upon review and consideration of the record and the applicable law, the Court concludes that the plaintiff has failed to demonstrate that reasonable jurists would find this Court's ruling debatable or wrong. The plaintiff's appeal of this ruling is not based on any rational argument in law or fact which would entitle him to relief, is plainly frivolous, and is therefore not filed in good faith. *See Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674-75 (1958). Since the appeal is not taken in good faith, the plaintiff cannot file an appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(3) and 28 U.S.C. § 1915(a)(3). Therefore, for the reasons stated in Filing No. 41 and summarized in this memorandum and order, a certificate of appealability will not issue.

IT IS ORDERED:

1) To the extent the plaintiff's pending motion, (Filing No. 43), seeks relief from this Court's prior order and judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure, the motion is denied.

2) To the extent the plaintiff's pending motion, (Filing No. 43), seeks a Certificate of Appealability, the motion is denied. The plaintiff may, however, seek a Certificate of Appealability from the Eighth Circuit Court of Appeals.

3) The Clerk of Court shall send a copy of this Memorandum and Order to the parties and the Eighth Circuit as notice that the plaintiff has been denied IFP status and has not paid the $455.00 appellate filing fee.

DATED this 5th day of October, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court